UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,        )
                                 )
    Plaintiff               )
                                 )
v.                               )        No. 2:10-cv-388-GZS
                                 )
STEVEN C. JORDAN, SCOTT S.       )
GERSTMAR, STATE OF MAINE, and    )
TOWN OF BOOTHBAY HARBOR,         )
                                 )
    Defendants              )


## MEMORANDUM DECISION ON DEFENDANTS JORDAN AND GERSTMAR'S MOTIONS TO EXCLUDE EXPERT TESTIMONY AND TO FILE SUR-REPLY BRIEF, AND RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In this action by the United States to enforce its estate tax lien, defendants Steven C. Jordan and Scott S. Gerstmar, sued individually and, respectively, as trustees of the Linekin Bay Trust and the North Woods Realty Trust, and the T.E.M.S. Haven Trust, move to strike the expert testimony of the United States' expert, Norman Gosline (Docket No. 17), and for leave to file a sur-reply brief (Docket No. 26) in opposition to the United States' motion for partial summary judgment (Docket No. 18). I deny the motion for leave to file a sur-reply, and recommend that the United States' motion for partial summary judgment be granted. If the court agrees with that recommendation, the defendants' motion to strike is moot.

### I. Motion for Leave to File Sur-reply

After the United States filed its reply in support of its motion for partial summary judgment, Jordan and Gerstmar filed a motion for leave to file a sur-reply, asserting that the

1

"Plaintiff[']s[] response to Defendants' [additional] statement of material facts number 4 is plainly wrong and contradicted by numerous documents" and that the plaintiff's "response" contained "new and additional arguments" in support of its motion for partial summary judgment which would unfairly prejudice the defendants if they were not permitted to respond. Defendants' Motion to File Sur-Reply Brief (Docket No. 26) at 1, 2. They also attached their proposed sur-reply. Docket No. 26-1.

The United States' response to paragraph 4 of the defendants' statement of additional material facts, which is the subject of the proposed sur-reply, cannot reasonably be characterized as containing "new and additional arguments in support of its motion for partial summary judgment." While, not surprisingly, the defendants take issue with the plaintiff's characterization of certain facts, that is not sufficient reason to permit the filing of a sur-reply.

In addition, the defendants apparently seek to add three new documents to the summary judgment file by way of their proposed sur-reply. Proposed Sur-Reply, Exhs. A-C. The plaintiff has appropriately objected to the untimely proffer of these unauthenticated documents. Plaintiff United States' Opposition to Defendants' Motion to File Sur-Reply Brief (Docket No. 28) at 3.

The motion for leave to file a sur-reply is denied.

## II. Motion for Partial Summary Judgment

The United States seeks a judgment enforcing a federal estate tax lien on three parcels of real property in Spruce Point Estates, Boothbay Harbor, Maine. Plaintiff United States' Motion for Partial Summary Judgment (Docket No. 18) at 1-2.

### A. Summary Judgment Standard

*1. Federal Rule 56*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

*2. Local Rule 56*

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are

not in dispute.  *See* Loc. R. 56(b).  Each fact must be set forth in a numbered paragraph and supported by a specific record citation.  *See id*.  The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]"  Loc. R. 56(c).  The nonmovant likewise must support each denial or qualification with an appropriate record citation.  *See id*.  The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation.  *See id*.  The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement.  *See* Loc. R. 56(d).  Again, each denial or qualification must be supported by an appropriate record citation.  *See id*.

Failure to comply with Local Rule 56 can result in serious consequences.  "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  Loc. R. 56(f).  In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact."  *Id*.; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

4

## B. Factual Background

The parties' statements of material facts submitted in accordance with Local Rule 56 include the following properly supported undisputed material facts.

An instrument dated December 22, 1958, and recorded on January 14, 1959, at Book 552, Page 244, in the Lincoln County (Maine) Registry of Deeds recites that Walter E. Holland conveyed to Alfred F. Anderson certain real property located in Boothbay Harbor, Maine, along Linekin Bay, as well as all easements and rights of way described therein. Plaintiff United States' Statement of Material Facts ("Plaintiff's SMF") (Docket No. 18-1) ¶ 1; Defendants['] Responses to Plaintiff's Statement of Material Facts and Statement of Additional Material Facts ("Defendants' Responsive SMF") (Docket No. 22) ¶ 1. In 1981, Anderson created the Spruce Point Estates, a subdivision consisting of nine waterfront lots, on some of his land in Boothbay Harbor. *Id*. ¶ 2.

Anderson also owned a 24.2 acre "Back Lot" to the north of Linekin Road that was not included in Phase I of the Spruce Point Estates. *Id*. ¶ 3. Anderson died on January 11, 2004. *Id*. ¶ 4. At the time of his death, Anderson still owned the Back Lot. *Id*. ¶ 5. His will provided that the Back Lot was to be sold. *Id*. ¶ 6.

An instrument dated September 7, 2004, and recorded on September 10, 2004, at Book 3358, Page 282, in the Lincoln County Registry of Deeds recites that Martin Kenneth Gerstmar, as executor of the estate of Alfred F. Anderson, granted the Back Lot to Steven C. Jordan, as Trustee of the Linekin Bay Trust. *Id*. ¶ 7. The deed erroneously states that the real property consists of "approximately 17 acres." *Id*.

On October 20, 2004, the Linekin Bay Trust submitted an application to the Boothbay Harbor Planning Board to subdivide the Back Lot into nine parcels. *Id*. ¶ 8. The nine parcels in

the Back Lot subdivision were designated as Lots 10 through 18. *Id*. ¶ 9. Lots 1 through 9 are the original waterfront lots in Spruce Point Estates. *Id*.

An instrument dated October 25, 2005, and recorded on November 3, 2005, at Book 3583, Page 23, in the Lincoln County Registry of Deeds recited that Steven C. Jordan, as Trustee of the Linekin Bay Trust, granted to Steven C. Jordan, individually, Lot 15 in Spruce Point Estates. *Id*. ¶ 10. An instrument dated December 12, 2005, and recorded on December 19, 2005, at Book 3607, Page 157, in the Lincoln County Registry of Deeds recites that Steven C. Jordan, individually, granted Lot 15 to Steven C. Jordan, as Trustee of the North Woods Realty Trust. *Id*. ¶ 11.

An instrument dated December 16, 2005, and recorded on December 21, 2005, at Book 3608, Page 223, in the Lincoln County Registry of Deeds recites that Steven C. Jordan, as Trustee of the Linekin Bay Trust, granted to Scott S. Gerstmar, as Trustee of the T.E.M.S. Haven Trust, Lot 17 in Spruce Point Estates. *Id*. ¶ 12. An instruments dated December 12, 2005, and recorded on December 19, 2005, at Book 3607, Page 159, in the Lincoln County Registry of Deeds recites that Steven C. Jordan, as Trustee of the Linekin Bay Trust, granted to Steven C. Jordan, as Trustee of the North Woods Realty Trust, Lot 18 in Spruce Point Estates. *Id*. ¶ 13.

On October 27, 2008, the United States Tax Court entered a stipulated decision that the federal estate tax liability of the estate of Alfred F. Anderson consisted of a tax deficiency of $693,289.00 and a fraud penalty of $519,959.00. *Id*. ¶ 14. On February 26, 2009, a delegate of the Secretary of the Treasury made an assessment against the estate of Alfred F. Anderson for an estate tax liability in the total amount of $1,593,618.62, consisting of $693,279.00 in tax, $519,959.00 in fraud penalty, and $380,380.62 in interest. *Id*. ¶ 15.

C. **Discussion**

The United States seeks a judgment stating that: (1) the federal estate tax lien for Anderson's estate has attached and remains attached to Lots 15, 17, and 18 in Spruce Point Estates, Boothbay Harbor, Maine; and (2) these lots shall be sold free and clear of the rights, titles, liens, claims, and interests of the parties to this action, with the net proceeds of any sale to be distributed according to the lawful priorities of the parties. Memorandum in Support of Plaintiff United States' Motion for Partial Summary Judgment ("Motion") (Docket No. 18-2) at 1-2.

A lien in the amount of unpaid federal estate tax exists by operation of law upon the gross estate of the decedent for 10 years from the date of death. 26 U.S.C. § 6324(a)(1). The lien runs with the property, and is good even against good-faith purchasers. *Beaty v. United States*, 937 F.2d 288, 292 (6th Cir. 1991); *In re Roth*, Civil Action No. 03-385 Erie, 2004 WL 716743 at *4 (W.D. Pa. Apr. 1, 2004). Defendant Town of Boothbay Harbor has disclaimed any interest in the property at issue. Answer of the Defendant Town of Boothbay Harbor Disclaiming Interest in Property Which is the Subject of the Lawsuit (Docket No. 7). The remaining defendant, the State of Maine, does claim a lien on the property. Docket No. 11.

This action was brought approximately six and a half years after the death of Anderson, well within the 10-year limit.

Assuming *arguendo* that the defendants have standing to challenge the Tax Court judgment in any respect, *but see Middlesex Sav. Bank v.* Johnson, 777 F. Supp. 1024, 1029 (D. Mass. 1991) (third party lacks standing to contest tax liability of another, even if he or she bears ultimate economic burden as a result), the individual defendants contend that the Tax Court judgment does not have a preclusive effect against them. Defendants' Response in Opposition to

Plaintiff's Motion for Partial Summary Judgment ("Opposition") (Docket No. 21) at 4-6. It is not clear whether they are challenging the validity of the judgment or only the amount of the judgment.

The defendants rely on general principles of the doctrine of *res judicata* to support their assertion that the plaintiff may not enforce the Tax Court judgment against them. *Id.* at 4-5. However, this argument ignores the more specific statute applicable here, which establishes that the lien resulting from a Tax Court judgment runs with the land that is within the statute's definition of property of the decedent to which the statute applies. If each such judgment were to be applicable only when the good faith purchasers of such real property were parties to the Tax Court proceeding, as the defendants contend, the uniform judicial interpretation of 26 U.S.C. § 6324(a)(2) would be eviscerated, because any entity that participated in the Tax Court action could not be a good faith purchaser, by definition.

Similarly, the defendants' argument that a Tax Court judgment based on a stipulation cannot provide the basis for a lien asserted against good faith purchasers because such a judgment is not a judgment "on the merits," *id.* at 5, relies on authority that is not applicable under the circumstances of this case. All of the case law cited by the defendants concerns the usual application of *res judicata*; none of it involves the statutes applicable in this case. *See United States v. International Bldg. Co.*, 345 U.S. 502 (1953) (settlement between IRS and taxpayer covering earlier years not *res judicata* with respect to liability for later years); *In re Kane,* 254 F.3d 325 (1st Cir. 2001) (town seeking to block appeal of original "merits" judgment by relying on preclusive effect of later decisions that relied on original judgment, all in bankruptcy court); and *Otherson v. Dep't of Justice*, 711 F.2d 267 (D.C. Cir. 1983) (holding that

issues determined in criminal conviction may be accorded preclusive effect by Merit Systems Protection Board).

In *United States v. Tempelman*, 12 Fed.Appx. 18, 2001 WL 725370 (1st Cir. June 26, 2001), the First Circuit held that a "stipulated agreement adopted by the Tax Court[,]" pertaining to certain tax years, was "a final judgment that . . . is binding on res judicata grounds." 12 Fed.Appx. at 19-20, 2001 WL 725370 at **1. In general, a final decision of the Tax Court is not subject to collateral attack in a later proceeding. *United States v. Springer*, No. 08-CV-278-TCK-PJC, 2010 WL 830614, at *15 (N.D. Okla. Mar. 2, 2010). *See also Golden v. Commissioner of Internal Revenue*, 548 F.3d 487, 495 (6th Cir. 2008) (stipulated decision in Tax Court has "full effect of final judgment"); *United States v. Shanbaum*, 10 F.3d 305, 313-14 (5th Cir. 1994) (agreed judgment in Tax Court "entitled to full res judicata effect"); *Malkin v. United States*, 3 F.Supp.2d 493, 499 (D. N.J. 1998) (principles of *res judicata* apply to stipulated Tax Court decisions).

These decisions are persuasive and, in the case of *Tempelman*, binding on this court. The defendants may not avoid the entry of the judgment sought by the plaintiff on the basis of their *res judicata* arguments.

The defendants' alternative argument is that, under 26 U.S.C. § 6324(a)(2), their liability is limited "to the extent of the value at the time of [the] decedent's death" of the three lots at issue. Opposition at 6-7. This is also the basis for their motion to strike the testimony of the plaintiff's rebuttal valuation expert. Docket No. 17. Assuming *arguendo* that this challenge is not barred by the defendants' lack of standing and the finality of the Tax Court judgment, I find it to be premature. At this time, the plaintiff is not seeking an order awarding it any particular amount from the sale of the three lots, and it is unknown how much income the sale will

generate. In addition, the United States argues, persuasively, that 26 U.S.C. § 6324(a)(2) does not apply to the three lots at issue here, because they were held in Anderson's name at the time of his death and were included in his estate under 26 U.S.C.§ 2033, rather than "sections 2034 to 2042," to which section 6324(a)(2) applies by its terms. Plaintiff United States' Reply Memorandum in Support of Motion for Partial Summary Judgment (Docket No. 25) at 6-7;[1] 26 U.S.C. § 6324(a)(2).

### III. Motion to Strike

The defendants move to exclude the proposed testimony of appraiser Norman Gosline, identified by the defendant as a rebuttal expert on the value of the lots at issue at the relevant time or times. Defendants' Motion to Exclude the Testimony and Report of Plaintiff's Expert, Norman Gosline (Docket No. 17). Because this testimony is irrelevant for purposes of the motion for partial summary judgment, I recommend that the motion be dismissed without prejudice as moot.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for leave to file a sur-reply (Docket No. 26) is **DENIED**; I recommend that the plaintiff's motion for partial summary judgment (Docket No. 18) be **GRANTED**; and I recommend that the defendants' motion to exclude the testimony of the plaintiff's expert witness (Docket No. 17) be **DISMISSED** without prejudice.

### *NOTICE*

---

[1] Section 2034 governs dower or curtesy interests; section 2035 governs gifts made within 3 years of the decedent's death; section 2036 governs transfers with retained life estates; section 2037 governs transfers taking effect at death; section 2038 governs revocable transfers; section 2039 governs annuities; section 2040 governs joint interests; section 2041 governs powers of appointment; section 2042 governs proceeds of life insurance; section 2043 governs transfers for insufficient consideration; section 2044 governs property for which a marital deduction was previously allowed; and section 2045 establishes the scope of sections 2034 through 2042. The defendants have made no attempt to show that any of these statutory provisions was implicated in connection with the lots at issue.

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge